3-16-0581. People of the State of Illinois. Appellee by Erika Minovic v. Stephen Partida. Appellant by Mario Clattis. Good morning, Your Honor. May it please the Court, my name is Mario Clattis. I'm the assistant public defender with the Office of the Assistant Public Defender. I represent the petitioner Appellant Stephen Partida. Your Honor, this appeal stems from the Circuit Court's denial of Mr. Partida's pro se motion for him to file a successive post-conviction petition. The State concedes that it improperly participated in the Court's denial of that motion. So the only question left here is, what's the remedy? We waive the oral argument in this case because this Court has already answered that question in two recent published opinions. In people v. Munson, in people v. Ballard, the Court ruled that at least when the State has continued to object to the motion being appealed, the appropriate remedy is to remand the case to the Circuit Court so that it can rule on the motion without any involvement or participation by the State. In Mr. Partida's case, the State is essentially asking this Court to reject Munson v. Ballard, arguing that it was wrongly decided or fundamentally flawed. But for the reasons Partida argued in his briefs, we ask the Court that she follow Munson v. Ballard. The only other thing I really have to add is, last Thursday, the State filed a petition for leave to appeal in another recent Third District case, people v. Busbee, 15019. In the State's petition for leave to appeal in that case, it is essentially arguing that Munson and Ballard were correctly decided, and that the appropriate and, indeed, the required remedy in cases like this is to remand to the Circuit Court so that it can rule on the defendant's motion to leave without any participation by the State. I will file – once I get back to the office today or tomorrow, I will file a motion in this Court asking to take judicial notice of the State's argument in people v. Busbee. Otherwise, I don't really have anything more. Unless you guys have questions for me. Thank you, Counsel. Counsel. In presenting this case, it's kind of like – I guess I know how a person feels when they're walking on thin ice. Are you trying to go uphill? Yeah, that would be very good. With quicksand somewhere along there as well. The reason why – one of the reasons why I want to argue this case is simply because of the divergence of how the Third District Judicial Committee has handled this issue. There are two cases where it's been declined, two cases where it's been answered. Now, one of the cases is unpublished, and I'm not using the unpublished case for a substantive purpose. It's just the fact that it was decided. The Court decided to take and perform an analysis. How is this – like, you're not using it to – Well, I guess – I mean, I'm trying to understand that. What it is – You're not using it, but you're – No, it's just the fact that the Court addressed the issue. What happened in the case, I don't really care. Well, which approach is the best approach? Pardon me? Which approach is the best approach? I think the best approach is to perform – this Court, to perform an analysis. And that's why you're walking on thin ice, because I wrote all of it. Yes, well, I think – yes, you did. And, by the way, I just want you to know my record here is open three. Okay. Okay, between Baugher, Lusby, and Munson, I've tossed all three. Either it was a declination of not wanting to decide it, or wanting to decide I've lost anything. So go ahead and tell us why you think we should revisit it or look at it differently. Because – because I think this Court can make the assessment. There's a general rule that this Court can't affirm a trial – can confirm a trial court for any reason apparent in the record. And, yes, there's error here, and the State had done what? See, pardon me. This Court can do what the Senate in Baugher said. Well, now you're on thin ice. No. Well, yes, except – except for the fact that Your Honor so graciously did say – and I'm going to quote here. Clearly, the appellate prosecutor has thoughtfully participated and expressed the State's view on the question of whether the last motion to the trial court established a cause for prejudice. It was very nice that I said that I had thoughtfully participated in that case and made my argument, which is why I didn't make any argument in this case. I just simply said that this Court can do it. This Court can perform an analysis independent of any input by the State at all. You don't have to consider anything that was written in the common law record. You can discuss it amongst yourself, and you can decide it. And, as I put in the end, decide that established cause of prejudice, send it back. Otherwise, you can affirm the trial court for any reason. And I think by not making an argument, I think I've addressed some of the concerns that Your Honor just described as well as just told in a different case in the dissent. Excuse me, concurrence. Special concurrence. In Baugher. In Baugher. Basically, it's the same thing. Basically, if we're considering what the State has said or anything the State says about the substance of the motion, then you are considering it. You have a distinct input, I should say. So that's the reason why my brief was completely devoid of any argument whatsoever. Again, I utilized thin ice, but hey, it's worth a shot. So with that, I have nothing more to say other than the fact that I think this Court should consider or can consider. I think it's the better approach. I think Your Honor should continue to do that. And I think it's sort of dependent. It's sort of the people of the State of Illinois, the fact that something like this is decidedly taken care of. Okay, so let me test your brain a little bit, which I know I do to you all the time. But I'm concerned about doing the trial court's work. And not because I think we can do it better. But here, unless the decision is unanimous, if you remand for the trial court to decide, there's only one judge deciding. He or she controls. Here, you could get a two-to-one decision. And if the one had been the trial judge, the result would have been different. So that's just some of my concerns. Just send it back, let one judge decide it, and then let three. I may be – well, first of all, if you send it back and the trial judge does the same thing, it comes up here. Again, you still have a two-to-one. But you know what? If it's sent back and all of a sudden, you know, now when they find some more information out, maybe something else happens. Because now more information is going to come in, right? Oh, not necessarily. What other information? I mean, something else is going to be filed out as a result of the trial court doing what the trial court did. Okay. Unless I'm missing something here. This case was bad. All the trial judge is going to do is the trial judge is going to take what has already been filed. There's no right to counsel. There's no right for anything like that. He's just going to re-look at the same petition. And ignore the state's input. And ignore the state's input and come up with a decision. There's going to be nothing new, nothing added, nothing at all. And so it's just going to come back up to maybe this panel, maybe some other panel. I have no idea. But the point is, you can still come up with a 2-to-1 decision. And I'm not saying that the trial judge, I'm not going to say that any trial judge in this case would look at the petition, what they're going to take a hold and do. Okay. So, yeah, that is the unknown factor in all of this. Because if you make an argument, you're compounding the literal error. Because the error is getting input from the state. Irrespective of what that input is, irrespective of what that input was, okay, the fact of the matter is it was the input that really created the error. Which input you're giving us? He's not in this appeal. He's not. I'm not giving any input. They're following the special concurrence. Your special concurrence to the T. Yes. Yes. That's exactly what I'm doing. That's the input you're giving us. If you want to take and call that input, my input is... You're making no substantive arguments. No substantive arguments at all. That's the input that you're not making. That I'm not making. My only input is simply for this court to take and decide the case. So what's the harm in sending it back? What's the big deal? Where's the beef, as they used to say? I guess, to a large extent, judicial economy. Also... Okay, so I'm going to interrupt you there. I'm just going to interrupt you there, because I get you. Judicial economy. When's the trial court ever going to get the hint that you can't talk to the prosecutor when you're making this decision? If we keep reviewing it, this is what happened with fines and fees. We kept fixing them, and it never got cured below. I think, to a large extent, because I don't know how many more cases this court has in the system, but I... For whatever reason, it seems as though I've been giving you the bulk of these, one way or the other, and sincerely, they have lessened tremendously. In my discussions with states, counties in which this has happened, I thoroughly instruct them to go on certain terms and don't do it. Let's go back to the genesis of all this. This is Bailey in our Illinois Supreme Court. Am I correct? Correct. How do you read Bailey? I mean, what do you think is the bindiness, if you will, or what do you think the holding in Bailey really was? Bailey... Well, number one, the primary issue in Bailey was whether or not the state could take a file in response to the written revulsion as any other litigant would be able to. So that was decided. Once they decided that, the Supreme Court, I think, to a very large extent, just simply said, you know, in that case, the state asked the Supreme Court to review the substance. Why are we sending this back? Because there's really no cause and purpose. It's clear we're, you know, judicial economy, and the Supreme Court simply said, I think, went off and did not say in the exercise of our superior authority, we're going to decide this nonetheless because of whatever. They just went ahead and said the state asked us to do this, and, you know, because of the fact that we have the record and because of the fact that the case is here, we can, you know, in other words, we can review this, et cetera, and it's clear the kind of indication was, I think, kind of first because of the fact of what that motion for reading the file of the successive petitions did have. The Supreme Court said, we're going to review this, and we're going to decide this case. Under their, they didn't say it, but what authority were they using? They didn't say what authority. They didn't say what authority. I think the authority could just be we can affirm a trial court for any reason. No, how jurisdictionally did they decide that case? Under their supervisory authority. You know, I know the concept. They can affirm it for any reason. How jurisdictionally did they get it? Supervisory authority. Period. I don't, when you have a PLA that's accepted, the jurisdiction is the PLA, the jurisdiction is the fact that they accepted it. They don't have to take in hand a special jurisdictional. No, they have to have a jurisdictional reason to accept a petition for leave to appeal. And once they do that, they can decide any issue that's raised before them. Right, and that's a jurisdictional basis. What was their jurisdictional basis for deciding that was error? To have input. It's the demanding of the petition. It's having input. Under their supervisory authority, they took that case and then had jurisdiction. Then they decided that. You're saying that, and maybe because this is a good discussion to have, is that once they have accepted the PLA, they've invoked their jurisdiction. Over all issues that are raised by the appellant or petitioner in that case, they've accepted all issues that are raised. Because any issue not raised in the petition for leave is forfeited. But the basis of their jurisdiction in accepting a PLA is not supervisory authority. Supervisory authority is the Supreme Court rule. On a PLA that is granted complete indiscretionality, you can have a PLA accepted as a matter of right or as a matter of their discretion. And most of those are, I think, C-15A. The appeal by discretion. And basically, in that situation... Which is pretty much what percentage of appeals that they... Very few. Of discretion? Of discretion, yeah. I mean, in the sense of, when I say that, I mean, there have been times when our offices, let's say, filed five or six petitions... Well, what appeal by right does one have to have the Supreme Court hear their case? Constitutional. One way is a constitutional issue. Okay, constitutional. We all know that. What else? Well, there used to be in Workers' Comp and Occupational Disease Act cases, but by the rulemaking authority, they created a substitute program. They created a substitute program. The constitutionality of it was... Yeah. But in most cases, at least in the criminal sphere, it's usually just the constitutional aspect that opens the door to the Supreme Court. Two minutes. Thank you. Other than that, it's all by discretion. Okay. Now, what is supervisory authority? Does it imply jurisdiction? Actually, there is... I apologize, I can't... Oh, is it a different... There's a rule, there's a Supreme Court rule, where the state can't opt emulsion for a supervisory order in which you specifically request the Supreme Court to exercise their supervisory authority. Because under the constitution, the Illinois Supreme Court has, if you will, jurisdiction over all of the lower courts. And what they can do is... The emulsion... So that jurisdiction extends to almost a mandamus concept. Under a supervisory authority. Supervisory authority is an alternative to mandamus. Well, let's not... I said almost like... Let's forget mandamus. Okay. Yeah, because mandamus isn't something that the court imposes. It's pursuant to the Illinois Constitution, isn't it? Pursuant to the Illinois Constitution. Let's pursuant to the Illinois Constitution. The Supreme Court has supervisory authority over all the lower courts. Oh, yeah, yeah. If I'm not mistaken, the Illinois Supreme Court... Now, but your argument is, is that this is not a request for supervisory... Or Bailey was not a request for supervisory authority. Bailey was a stock appeal, and they invoked jurisdiction in taking it, not through supervisory authority, but to hear all issues properly presented for decision. For decision. In the case. Raised by other parties. Because they will take, you know, they can take a defendant, they can take an argument in the plot, etc. Well, that's technicalities. Let's get to the big issues here. Okay. Okay. So, substantive. Substantive argument. Right. And supervisory authority is typically thought of as procedural, is it not? Or not? Generally speaking, that is, would be, in a sense, I say procedural. A lot of the cases... You appellate court here this case and decide it in light of. That's a typical supervisory authority, isn't it? In Bailey, in the back of my mind, did either side argue that the case should not be remanded? Didn't they both agree that the case should go back to the trial court, and the Supreme Court just decided it? I don't think so. Okay. I may have my facts wrong then. Honestly, I ask you to believe me. Okay. And I could be wrong, too, if I have to. I'll look. But one of the, once again, you can pretty much guess who did Bailey. It was me. And in doing Bailey, making the argument, making the petition argument, we argued that we should be able to take and not only file a motion, but in considering, basically made a substantive argument concerning the motion itself. And that's what the Attorney General's Office picked up on. That's why I believe that the state, in that case, argued in the Supreme Court that, even though it was error, you can and should consider this. Okay. I have another question. Have any of our remands from this court directed that this issue or this petition be considered independently and, therefore, it has to be considered by another judge who has not received the input? Are you talking about the lower court? That's a remand. We sent that. Any of our remand orders? I didn't hear that. Yeah. Would any one of our remand orders direct that the issue be heard by a different judge? Do you recall? I don't recall, but off the top of my head, I'm going to take and say no. You're just guessing now? Oh, definitely, because I don't, obviously, recall. Well, I was hoping you'd tell us. That you had researched this. No, because that would be, that's an issue that I think the state doesn't really, when I say have a strong position on it, because one of the things I was going to take and say that I didn't say, because you know what the obvious is, if it goes back to the second judge, he's going to take it and say, okay, I considered this, and I'm just going to take that and deny it. Now I'll settle that issue on appeal. How was the input on the other side, how did that affect the judge in making his so-called remand decision? So let me ask you this. I'm not going down that path. In following up with Justice Holdred's question, I don't think the appellate defender has made that request in this case, nor have you had an opportunity to address it. So what's your take on that procedural posture, that the appellate defender hasn't requested that? Because I think the point is well taken by Justice Holdred. Okay. It's like, it's being, this would be the sort of thing that, if this was the issue raised in the brief, this is the sort of thing that what I would do is before I even addressed it, I would pick up the phone, I would dial the state attorney's office, and I would dial the state attorney's office. This is what is presented. Do you have a position? I'm going to take and tell you what I think and what I would take and suggest doing. Would you like an opportunity, if we have one judge that's considering that one justice, to brief that sort of remedy before? What I would like to take and do is brief the union if I could just take and do sort of a motion, because I will take and tell this court. My advice to the state attorney would be is send it back to a different judge. Because I will see this case again. I don't mind seeing it twice. I don't want to see it three times. But to this day, you don't remember any time where the other side has ever objected to the judge on a remand. Oh, I don't know. I have never. I don't think. If it was ever raised in a brief that I did, if it was raised in Munson, Baldwin, Muskie, or Bailey, I never argued that it should go back to the same judge. Do you remember anybody on the other side ever arguing that the other judge was tainted, that the judge was tainted, unfair, prejudiced? Do you remember anything like that? I don't recall. It may very well have been in a brief. But nobody has ever really made it. When I say it, that's going to put the court in a really big argument that I can remember. But that's never been an issue before, has it, to your memory? My memory, no. But like I said, I can handle the court. Now, whether the state's attorney would agree with me or not, I don't know. And it's not an issue before us today, is it? No. But if it ends up being a concern, I would just, you know... Well, how is it a concern? Well, I'm just saying that one of the judges... It's not your concern. It's Justice Holdridge's thought, and so... Well, this whole thing is an independent review. And if the bell has been rung, how do you get an independent review? You hold the bell, and it's still about to be rung. And that's my reason. Like I said, that's my position, Your Honor, with being independent. Are you taking that position now because many, many times the state, in a lot of different issues, is saying, on remand, you don't need to go to a different judge just because... So are you taking this position now in all these cases that we get? No. Is that the position you're going to take? Of course not. Because I can only speak to the facts in this case and what happened in this case. Well, there's not an issue here. Well, I erased the issue. I erased it. So in fairness to you. No, I'm just wondering what your position is because this is going to be interesting. If you're taking that legal position, there's a lot, a lot of cases that we get where it's remanded to the same court. A big one is PC's. A big one is that. It's post-conviction. On the petition, you send it back to him and have it. Once it's been dismissed, okay, a lot of times public defenders will take and argue that because he's dismissed it as being frivolous and about merit, he's got to send it back to a different judge. No, no, no, no, no. It goes before the same judge because the same judge knows the facts, knows what's going on, and that's an entirely different situation than this. Well, I think Kim is getting nervous over there. We're way over time. Well, that's okay. His court controls the courtroom. So, yeah. I don't have any more questions. Thank you. Thank you for your time without making an argument on the merits. Thank you very much. I'm going to walk back on thin ice now. Okay. They'll fall in. I'm going to start out by saying I unfortunately cannot bring anything to the table in a discussion of the fine points of the Supreme Court's jurisdiction to decide issues. I do want to address a couple things as briefly as possible. In terms of the public court's authority to affirm a ruling on any basis, that's absolutely true. As Justice Strickland pointed out in his dissenting opinion in Waller, in the Garden-Brighton public court case, the public court can do that. You can make a case and you make a judgment independent of the public court's analysis. I think what that overlooks, though, in this context is the post-conviction hearing act. This act takes these cases out of the Garden-Brighton public court. In initial petition cases, when the state gets involved improperly, the appellate court doesn't ask, well, what are the merits of the petition? The appellate court sends it back. And then the Supreme Court can look at that, which is discussed in the court of briefs. Similarly, when the trial court gets an initial petition and doesn't move on it in a matter of days, the appellate court doesn't look at the merits of the petition. The appellate court sends it back for second-stage proceedings. Here we're not asking for second-stage proceedings, but there was no basis in the post-conviction hearing act or in the bailing to distinguish the improper denial of a motion for a leave from the improper dismissal of a summary petition from the pre-trial or late ruling on an initial petition. So I think that's where Justice Schmitz's analysis goes a little bit off in his dissenting in Waller. I think these cases are not like other cases because of the post-conviction hearing act. In terms of whether the state is arguing the merits of Mr. Pertina's motion, I do have to point out that while the state is, on the one hand, saying that the court should review DeNovo, the state is explicitly urging this court to affirm the denial of his motion. There is only one basis for doing that. That is that he failed to state causal prejudice. So while the state is, I don't want to say Mr. Pertina is a very negligible place. I like him very much. But if you're urging the court to affirm the denial, you are urging the court to find that there is no causal prejudice here. It's undeniable for him. I mean, maybe a little bit. So we're explaining. In terms of Justice Holdren's question about whether the Supreme Court, I think the court's general opinion was asking about supervisory authority. I do want to point out, and again, it's not before this court yet, I will file a motion regarding the state's petition for him to appear in Muslim. The state argues in that case, doesn't challenge supervisory authority, except presumably that is an exercise of the Supreme Court's authority, a supervisory authority. Now, what did they do in that case, you say? So what they did in that case is, I think your concurring opinion in Munson, or in Waller, in the case of this, it seems like much of the court's opinion in Bailey is saying, well, this has to go back. You can't have any participation by the state. And then abruptly, there was this about-face turn, and the court announces an exercise that are, you know, in the interest of the judicial economy, we're going to rule on this. And I think your concurring opinion in Waller, I think appropriately, would say, well, I think you used the word curiously, I think, to describe what the Supreme Court did there. And I think it is curious. Because the Supreme Court, if it saw this case, as Justice Schmitt described it in Garland, the case, the court could have just said, we can affirm on my basis. And maybe the court wouldn't have gone through this long analysis comparing it to the improper dismissal of first-stage petitions when the state gets involved. But that's not what the court did. The court spends a lot of time sort of indicating, this case has to go back because the state got involved improperly. And then there's that curious turn where the court just decides to go ahead and rule on the merits of the case. Because of the Supreme Court. It's the Supreme Court. And as I pointed out in the point, the Supreme Court is not limited in any way that it exercises its supervisory authority. And again, the state's current position must be. It's not permitted. Follow that up. The Supreme Court is not permitted. It's not required to announce itself when it's exercising its supervisory authority. It's not limited in any way. If the Supreme Court gets a case, I mean, obviously there are going to be sort of limits on what the court does. But in terms of what it's ruling on the merits or however it does it, if it's exercising its supervisory authority, that's just what the court will do. Justice Holdridge and Baller said it's curious. Well, it is curious. It is. But we can't do anything about it. We can only control our own conduct. I believe that's probably correct. And again, it is the state's current position. It must be in the case. That's an exercise of the court's supervisory authority. And what the state's recommending in that case is a uniform rule. Basically, if the state gets involved, the adult court should not, and it's required not to, look at the merits of the defendant's motion to leave, specifically not ruling on whether he satisfied a cause of prejudice, send it back. In Justice Schmidt's dissent in Baller, he doesn't cite any authority. He says we do it thousands of times. We make these decisions that the trial court should have made. But he doesn't cite any authority where under these circumstances, where a post-conviction petition was decided with input from the state, where any appellate court has done so. A thousand times. Yeah, yeah, but not in this factual scenario. I think if you read his opinion, his dissenting opinion closely, it actually hints at the problem with his dissenting opinion because he points out we do this in thousands of cases a year, not involving successive post-conviction petitions. And again, I think that's what really takes these cases out of control. So can you quickly address the point that Justice Holdridge has made during the argument that, you know, how do we know that the trial judge is going to do his job and not be maybe subtly persuaded by something he read and a written objection? Why haven't you asked us to remand to a different judge? Thank you for reminding me because when I was making this case, I was informed by a colleague that the judge in this case is retired. And so I have to tell you, I did not bother to check that information. And I don't want to – I've already, like, by citing the bustling petition for legal appeal, I don't want to keep going on. But that judge can be recalled. I don't know. Again, I don't know. Well, I know, but I – yeah, okay. So it just never dawned on you because you thought it isn't going to happen. Possibly. When I was told he retired – because I was aware of it, and I want to say I don't remember which case it was. And as your Honor pointed out, in many other scenarios, the – his asking for the judge. I have been informed that this particular – Yeah, no, no, I haven't recalled. That's right. I haven't recalled that. Oh, okay. Okay. Again, I'm sorry. Okay, so in following up to Justice Carter's question, we're going to put you – stand you on the same high poles. Are you aware of any other situation where the appellate defender has requested that it be remanded to a different judge? I'm not aware of the court ordering in its ruling. How about requesting, the appellate defender requests? I want to say that I, at some point while researching this case, read a brief by someone in another office. Okay. I believe did ask for a different judge. But again, I – Okay. I'm sorry, Your Honor, I don't – That's all right. When you say a different office, you mean a different district office? I mean a different – just a different office of the appellate defender. Right. So it would be district – different district. Not this district. I don't believe it was this district. Again, I don't want to – I can't say that for sure. Mm-hmm. So just to be clear, do you think Ballard was correctly decided? I did. Thank you. I have nothing else to say. Thank you, counsel. The court will take this matter under advised by Judge Juul with the dispatch.